IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JACK ALFRED STRUBEL, JR., <br><br> Plaintiffs, <br> v. <br><br> SAIF CORPORATION and CHEMEKETA COMMUNITY COLLEGE <br><br> Defendants. | Civ. No. 6:18-cv-00881-AA <br> **OPINION & ORDER** |

AIKEN, District Judge.

Plaintiff Jack Alfred Strubel Jr. seeks leave to proceed *in forma pauperis* ("IFP") in this action against defendants SAIF Corporation ("SAIF") and Chemeketa Community College. For the reasons set forth below, plaintiff's Complaint, (doc. 1), is DISMISSED, with leave to amend. The Court defers ruling on plaintiff's Application for Leave to Proceed IFP, (doc. 2), pending submission of an amended complaint. Further, plaintiff's Motion for Appointment of Counsel (doc. 4) is GRANTED in PART and DENIED in PART

### BACKGROUND

Plaintiff's complaint is somewhat limited in terms of factual allegation, though it does appear that plaintiff suffered an injury by falling from a ladder while at Chemeketa Community College. Thereafter, the Court infers that he accessed workers compensation benefits through SAIF. Plaintiff complains that while was able to be examined by a SAIF approved doctor, he

was unable to obtain a second opinion from another physician through SAIF. He requests that this Court order SAIF to fix what he styles as misdiagnoses, but the Court infers to be a decision that he could work on modified light duty.

## LEGAL STANDARD

Generally, all parties instituting any civil action in United States District Court must pay a statutory filing fee. 28 U.S.C. § 1914(a). However, the federal IFP statute, 28 U.S.C. § 1915(a)(1), provides indigent litigants an opportunity for meaningful access to federal courts despite their inability to pay the costs and fees associated with that access. To authorize a litigant to proceed IFP, a court must make two determinations. First, a court must determine whether the litigant is unable to pay the costs of commencing the action. 28 U.S.C. § 1915(a)(1). Second, it must assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915(e)(2)(B).

In regard to the second of these determinations, district courts have the power under 28 U.S.C. § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendants, and must dismiss a complaint if it fails to state a claim. Courts apply the same standard under 28 U.S.C. § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference

that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Id.*

*Pro se* pleadings are held to less stringent standards than pleadings by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). That is, the court should construe pleadings by *pro se* plaintiffs liberally and afford the plaintiffs the benefit of any doubt. *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Additionally, a *pro se* litigant is entitled to notice of the deficiencies in the complaint and the opportunity to amend, unless the complaint's deficiencies cannot be cured by amendment. *Id.*

## DISCUSSION

There are several issues with plaintiff's Complaint, as currently pleaded. The first and most serious is jurisdictional. Federal courts are courts of limited jurisdiction, "possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). Federal jurisdiction may be based upon the presence of a federal question or on diversity of citizenship. 28 U.S.C. §§ 1331, 1332. To invoke federal question jurisdiction, a plaintiff must plead that the defendant has violated some constitutional or statutory provision. To establish diversity jurisdiction, a plaintiff must allege that he or she is a citizen of one state, that all the defendants are citizens of other states, and that the damages are more than $75,000.

Here, plaintiff alleges that this case involves a federal question, however, his complaint fails to identify any federal statute or constitutional provision under which his claim would fall. In his civil complaint cover sheet, plaintiff identified "Personal Injury – Medical Malpractice" as the nature of his suit, but tort is not an exclusive issue of federal law. Plaintiff also identified

"Constitutionality of State Statutes" as a basis of this suit. However, plaintiff fails to point to any specific Oregon statute which may be unconstitutional. Thus, plaintiff has failed to establish jurisdiction pursuant to a federal question at this time.

Further, it does not appear that diversity jurisdiction is satisfied by the Complaint. Plaintiff does not allege an amount in controversy over $75,000, and there is not complete diversity between the parties as all reside or are incorporated in the State of Oregon. Also, confusingly, plaintiff checked a box on his civil cover sheet indicating that this action was removed from state court. However, the Court can find no record of a state proceeding based on the information in the complaint.

Though the Court cannot reach the question due to the nature of the factual allegations in plaintiff's Complaint, if plaintiff is trying to challenge an Oregon state workers compensation decision, then his claim may also be barred under the *Rooker-Feldman* doctrine. Federal courts other than the Supreme Court lack the jurisdiction to correct state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).[1] It is also unclear whether plaintiff pursued any appeals in Oregon state courts before filing the present Complaint.

Plaintiff's Complaint as currently plead does not adequately state a claim upon which relief may be granted in this Court. Plaintiff is advised that Federal Rule of Civil Procedure 8 provides that a civil complaint should include a "short and plain statement of the claim showing

---

[1] A four-part test determines whether *Rooker-Feldman* bars a suit from going forward: (1) that plaintiff in the federal suit lost in the state court proceeding; (2) that the state court determination is at the core of the federal lawsuit; (3) that the federal lawsuit seeks review and rejection of the state court verdict; and (4) that the state court judgment was entered prior to the commencement of the federal action. *McKeithen v. Brown*, 481 F.3d 89, 97 (2d Cir 2007); *Chapman v. Trout*, 2011 WL 2160941; *see also Exxon Mobil Corp. v. Saudi Basic Indust. Corp.*, 544 U.S. 280, 284, 287 (2005).

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In this case, the Complaint does not present the details and context necessary for the Court to understand either plaintiff's claims or the facts underlying those claims.

The Court is mindful of the latitude given to *pro se* litigants, however, and plaintiff will be given leave to file an amended complaint. In drafting his amended complaint, plaintiff should take care to include sufficient factual detail to allow the Court to better understand the nature of his claims, although not so much detail that the amended complaint is not "short and plain," as required by Rule 8.

## CONCLUSION

For the reasons set forth above, the Complaint (doc. 1) is DISMISSED with leave to amend. Plaintiff shall have sixty (60) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of dismissal, though plaintiff may move the Court for an extension of time if there is good cause. The Court defers ruling on Plaintiffs' IFP petition pending the filing of the amended complaint. Finally, the Court grants in part plaintiff's Motion for Appointment of Pro Bono Counsel. (doc. 4) The appointment of counsel is made only for the specific and limited purpose of reviewing this case with plaintiff and discussing options to proceed. The appointment shall not exceed three hours in length.

It is so ORDERED this 20th day of March, 2019.

_____
ANN AIKEN
United States District Judge