IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JACK ALFRED STRUBEL, JR.,            Civ. No. 6:18-cv-00881-AA
**ORDER AND OPINION**

    Plaintiff,

    v.

SAIF CORPORATION and CHEMEKETA
COMMUNITY COLLEGE,

    Defendants.

---

AIKEN, District Judge.

The Court previously dismissed plaintiff's complaint without prejudice because the complaint failed to allege sufficient facts to establish this Court's subject-matter jurisdiction over the case. (doc. 10) The Court did so in considering plaintiff's Application to Proceed *In Forma Pauperis* ("IFP"). (doc. 2) In screening plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court found that plaintiff failed to allege either a federal cause of action or diversity between the

Page 1 – OPINION & ORDER

parties. The Court also outlined other deficiencies and granted plaintiff leave to file an amended complaint.

As part of its previous order, the Court partially granted plaintiff's request for appointment of pro bono counsel. Counsel was appointed for the limited purpose of reviewing the case with plaintiff and discuss his options to proceed. (doc. 11) That appointment has occurred and been completed. (doc. 12) Plaintiff subsequently filed a notice styled as "Opinions and Regulations." (doc. 15) In the interest of fairness, the Court construes this document as an amended complaint.

As outlined the last order, plaintiff alleges that he suffered an injury in the course of his employment with defendant Chemeketa Community College and then tried to access state provided worker's compensation benefits. It is unclear whether he was denied or granted benefits. He does allege that he was only examined by one doctor provided by defendant, SAIF Corporation ("SAIF"). Plaintiff alleges that he requested to be seen by a second doctor, but the request was denied. Plaintiff alleges that he continues to suffer from his injuries, and he expects "to be compensated for this trauma in the amount of 5 million dollars." Pl's. Not. 2.

In his notice, plaintiff alleges that his claim is based on a "constitutional right to be given a second opinion." Id. The Court notes that it can find no such right in the U.S. Constitution, federal statutes, or case law. Again, the limited nature of the factual allegations makes it difficult for the Court to determine precisely what happened regarding plaintiff's injury and the actions of defendant SAIF. At a minimum, this subsequent notice fails to satisfy the requirement that a

civil complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Further, plaintiff claims to have "went through State Court, appeals court and the Supreme Court for the State of Oregon." Pl's Not. 2. There are not sufficient facts in plaintiff's filings to discern whether he lost that case or if that determination is at the core of the present action. As mentioned in the previous order, it is likely that this action is barred by the *Rooker-Feldman* doctrine which bars federal courts, other than the U.S. Supreme Court, from hearing cases aimed at correcting state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).

The Court remains aware of the latitude given to *pro se* litigants. Thus, the Court grants plaintiff leave to draft another amended complaint. In drafting his amended complaint, plaintiff should take care to include sufficient factual detail to allow the Court to better understand his claims, although not so much detail that the amended complaint is not "short and plain," as required by Rule 8. Plaintiff is also reminded that he should plead an appropriate legal basis which would allow this Court to exercise its limited jurisdiction.

## CONCLUSION

For the reasons set forth above, the Notice, which the Court construes as an Amended Complaint, (doc. 15) is DISMISSED WITHOUT PREJUDICE. The Court again defers ruling on plaintiff's Application to Proceed IFP. (doc. 2) Plaintiff is

granted leave to file a Second Amended Complaint within thirty days of the date of this order.

It is so ORDERED this 23rd day of October, 2019.

*Ann Aiken*
ANN AIKEN
United States District Judge