IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JACK ALFRED STRUBEL, JR.,

        Plaintiff,

     v.

SAIF CORPORATION and CHEMEKETA
COMMUNITY COLLEGE,

        Defendants.

_____

Civ. No. 6:18-cv-00881-AA
**ORDER AND OPINION**

AIKEN, District Judge.

     The Court has twice previously dismissed plaintiff's complaint without prejudice because the complaint failed to allege sufficient facts to establish this Court's subject-matter jurisdiction over the case. (docs. 10 and 16) In screening plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court found that plaintiff failed to allege either a federal cause of action or diversity between the parties. The Court also outlined other deficiencies but granted plaintiff leave to file an amended complaint.

As part of a previous order, the Court partially granted plaintiff's request for appointment of pro bono counsel. Counsel was appointed for the limited purpose of reviewing the case with plaintiff and discuss his options to proceed. (doc. 11) That appointment occurred and was been completed. (doc. 12) Plaintiff subsequently filed a notice styled as "Opinions and Regulations." (doc. 15) In the interest of fairness, the Court construed that document as an amended complaint. After considering this filing, the Court again found that plaintiff had failed to adequately plead a claim against defendants, but again granted him leave to file a second amended complaint. In response, plaintiff filed a document titled "Work Related Injury; No Medical Attentional 6 Years and Waiting." (doc. 17)

The Court construes the latest filing as a second amended complaint and finds that the complaint should be dismissed with prejudice at this time.

As noted in previous orders, plaintiff has alleged in his filings that he suffered an injury in the course of his employment with defendant Chemeketa Community College ("CCC") and then tried to access state provided worker's compensation benefits. It is unclear from his filings whether he was denied or granted benefits. Plaintiff alleged that he was only examined by one doctor provided by defendant, SAIF Corporation ("SAIF"). Plaintiff then requested to be seen by a second doctor, but the request was denied.

First, plaintiff does not identify any valid cause of action against either defendant. He refers to "28 U.S.C. § 163.275 COERCION" but there is not federal statue that matches the citation. There is Oregon criminal statute dealing with

coercion that can be found under a similar citation. *See* Or. Rev. Stat. § 163.275. This statute does not create a civil right of action. Otherwise his filing is a seeming recitation of facts surrounding a worker's compensation claim.[1]

Alternatively, this action is barred under the *Rooker-Feldman* doctrine. The Court takes notice of court records regarding previous litigation in state court in Worker's Compensation Board ("WCB") Case No. 15-02810, and the Oregon Court of Appeals' decision in Case No. A165503.

Reviewing the WCB opinion, it appears that plaintiff suffered injuries, as outlined in his initial complaint, in 2013, for which SAIF accepted some injuries and denied claims on others. Plaintiff appealed the denial, and in November 30, 2015, agreed to Disputed Claim Settlement ("DCS") which was approved by an Oregon state ALJ. On December 29, 2015, plaintiff requested review of the proposed final order, and, on review, the WCB remanded the case to the ALJ for consideration of the claims. At a hearing before the ALJ plaintiff made claims strikingly like those in this case and cited to the Oregon criminal statute for coercion. The ALJ denied setting aside the DCS, and WCB later affirmed that decision. *See In the Matter of the Compensation of JACK A. STRUBEL, Claimant* 69 Van Natta 1140 (2017).

---

[1] In his original civil cover sheet and complaint, plaintiff identified medical malpractice and a claim that his constitutional rights were violated when he was allowed "only one doctor." (doc. 1) Throughout all his filings, he has not alleged any facts which would give rise to liability on the part of CCC. The allegations consistently show only that his injury occurred while working for the college.

Plaintiff then filed an appeal with the Oregon Court of Appeals. The COA ordered his appeal dismissed on its own motion on January 22, 2018 and the appellate judgment issued on May 30, 2018.

As mentioned in the previous orders, the Court now finds that this action is one of the rare cases governed by the *Rooker-Feldman* doctrine which bars federal courts, other than the U.S. Supreme Court, from hearing cases aimed at correcting state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983).

In *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005), the Supreme Court substantially limited the *Rooker–Feldman* doctrine. The Supreme Court clarified that the *Rooker–Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commence and inviting district court review and rejection of those judgments." *Id.* at 284, 125 S.Ct. 1517.

The *Rooker–Feldman* doctrine bars litigation of a claim in federal district court only when a federal plaintiff asserts an allegedly erroneous decision by a state court as a legal wrong and seeks relief from a state court judgment based on that decision. *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). The doctrine also bars litigation of an issue that is "inextricably intertwined" with a "forbidden de facto appeal" from a state court decision. *Id.* at 1158. An issue is inextricably intertwined with a forbidden de facto appeal if the relief requested in the federal action would,

in effect, reverse or void the state court decision. *Fontana Empire Cir., LLC v. City of Fontana*, 307 F.3d 987, 992 (9th Cir. 2002) (quoting *Charchenko v. City of Stillwater*, 47 F.3d 981, 983 (8th Cir. 1995)).

Here, plaintiff lost in a state court proceeding before the WCB, and that the Oregon Court of Appeals dismissed his appeal of that decision. The allegations at the core of this lawsuit focus on the deficiencies in the worker's compensation proceedings and show that this action seeks review and rejection of the state court verdict.

The Court has twice allowed plaintiff to attempt plead allegations that show this Court has subject matter jurisdiction over these claims or that that plaintiff has stated a claim upon which relief can be granted. Plaintiff has not done so. The Court notes again that it appointed temporary pro bono counsel in this case and plaintiff has yet file an adequate complaint.

Accordingly, the Court denies plaintiff's petition to proceed IFP and dismisses this action, with prejudice.

## CONCLUSION

For the reasons set forth above, this action is dismissed with prejudice.

IT IS SO ORDERED.

Dated this  10th day of April, 2020.


        /s/Ann Aiken
          ANN AIKEN
      United States District Judge